# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.) No. 18-0623** (Roane County 18-MAP-1)

**Johnny Bowman,**
**Defendant Below, Petitioner**

**FILED**

**January 17, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Johnny Bowman, by counsel Wayne King, appeals the Circuit Court of Roane County's June 13, 2018, order sentencing him to pay fines and court costs associated with his conviction of six counts of maintaining a salvage yard without a required license and six counts of maintaining a salvage yard in a prohibited area. The State of West Virginia, by counsel Caleb A. Ellis, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that the charges against him were not barred under principles of double jeopardy.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2017, the State of West Virginia filed a criminal complaint against petitioner alleging six violations of West Virginia Code § 17-23-3[2] and six violations of West Virginia Code

---

[1]Petitioner also alleges the circuit court erred in making certain evidentiary rulings. However, this assignment of error was inadequately briefed and, as more fully discussed herein, will not be addressed.

[2]West Virginia Code § 17-23-3 provides that "[n]o salvage yard or any part thereof shall be established, operated or maintained without a state license."

§ 17-23-4.[3] Early in 2018, petitioner was tried and convicted of these charges in the Magistrate Court of Roane County. Petitioner filed a timely appeal to the Circuit Court of Roane County, which granted him a de novo bench trial.

In May of 2018, the circuit court held a bench trial. Petitioner moved to dismiss the charges based on an alleged violation of the prohibition against double jeopardy. Petitioner presented evidence that he was previously charged under West Virginia Code §§ 17-23-3 and 17-23-4 in 2003, was tried by a jury, and acquitted of the charges. Petitioner argued that the facts of the instant case were directly related to the facts of the 2003 case and constituted an "ongoing issue." Petitioner asserted that the instant charges were barred based on that 2003 acquittal. The State argued that the West Virginia Code provided a criminal violation for each month in which the conduct occurred and that the instant charges were based on petitioner's conduct in 2017. The State argued that, based on the express language of West Virginia Code §§ 17-23-3 and 17-23-4, petitioner was properly charged. The circuit court denied petitioner's motion.

The State called an investigator from the West Virginia Department of Transportation, Division of Highways, to testify at the bench trial regarding her determination that petitioner's property constituted an unlicensed salvage yard. Roane County Sheriff Todd Cole also testified that he observed over eighty vehicles on the property between April and September of 2017, and that, based on his investigation, petitioner did not have a county-issued permit to operate a salvage yard during this time. Sheriff Cole further identified petitioner as the individual subject to the criminal complaint.

Ultimately, the circuit court found, beyond a reasonable doubt, that petitioner owned the property as alleged in the criminal complaint. The circuit court further found that the property harbored at least eighty vehicles in a state of disrepair and that the property met the classification of a salvage yard, as defined by West Virginia Code § 17-23-2. Finally, the circuit court found that petitioner did not maintain proper licensing for the salvage yard. Accordingly, the circuit court adjudged petitioner guilty of six counts of maintaining a salvage yard without a license and six counts of maintaining a salvage yard in a prohibited area. By its June 13, 2018 order, the court imposed a $100 fine for each count and ordered petitioner to pay court costs. Petitioner now appeals this order.

On appeal, petitioner argues that the circuit court erred in finding that the instant charges were not barred by principles of double jeopardy. Petitioner asserts that he was acquitted of similar charges by jury trial in 2003. According to petitioner, the 2003 charges involved the same piece of property in essentially the same circumstances as it was found in 2017. Petitioner argues

---

[3]West Virginia Code § 17-23-4 provides, in relevant part, that

> no license shall be issued to establish a salvage yard or any part thereof within five hundred feet of the nearest edge to the right-of-way of any state local service road, unless there view thereof from such state local service road shall be effectively screened and obscured by fences.

that the instant charges and resulting convictions violate his Fifth Amendment rights under the United States Constitution. We disagree and find that petitioner is entitled to no relief on appeal.

This Court has previously held that "[a] double jeopardy claim [is] reviewed *de novo*." Syl. Pt. 1, *State v. McGilton*, 229 W. Va. 554, 729 S.E.2d 876 (2012) (quoting syl. pt. 1, in part, *State v. Sears*, 196 W. Va. 71, 468 S.E.2d 324 (1996)).

> "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution consists of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." Syllabus Point 1, *State v. Gill,* 187 W.Va. 136, 416 S.E.2d 253 (1992).

*Id*. at 555, 729 S.E.2d at 877, syl. pt. 2. Further, "[t]he Double Jeopardy Clause in Article III, Section 5 of the West Virginia Constitution, provides immunity from further prosecution where a court having jurisdiction has acquitted the accused. It protects against a second prosecution for the same offense after conviction. It also prohibits multiple punishments for the same offense." *Id*. at 555–56, 729 S.E.2d at 877–78, syl. pt. 3 (internal citations omitted). When considering multiple charges under the same statutory provision, "the relevant inquiry must be confined to a determination of 'what . . . [the legislature] has made the allowable unit of prosecution.'" *State v. Green*, 207 W. Va. 530, 535-36, 534 S.E.2d 395, 400-01 (2000)(citations omitted).

West Virginia Code § 17-23-9 provides the penalties for the violations of the two subsections under which petitioner was convicted:

> Any person violating any provision of this article, whether as principal, agent or employee, shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of not less than one hundred dollars nor more than one thousand dollars; and *such person shall be guilty of a separate offense for each month during a portion of which any violation of this article is committed*, continued or permitted[.]

(Emphasis added.) Thus, the unit of prosecution for this offense is clear—the Legislature has determined that each month a salvage yard operates without a license or in a prohibited area is a separate offense under West Virginia Code § 17-23-9. Petitioner's acquittal based on conduct charged in 2003 has no bearing on the instant charges, and constitutional protections against double jeopardy do not bar his prosecution on these 2017 charges.

Petitioner also assigns error to certain evidentiary rulings made in the circuit court. However, petitioner provides no citations to legal authority in support of his argument. Rather, petitioner cites generally to "certain [r]ules of [c]riminal [p]rocedure" that the State must abide by during criminal proceedings. Petitioner's failure to provide any authority for his argument is in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, as follows:

3

The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, this Court specifically noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. *Id.* "A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim . . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Because petitioner's brief with regard to this assignment of error is inadequate and fails to comply with Rule 10(c)(7), we decline to address this argument on appeal.

For the foregoing reasons, the circuit court's June 13, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4